UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITY OF HIALEAH EMPLOYEES' RETIREMENT SYSTEM, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br> -v-<br><br>PELOTON INTERACTIVE, INC., JOHN FOLEY, WILLIAM LYNCH, and JILL WOODWORTH,<br><br>   Defendants. | 21-CV-09582 (ALC) (OTW)<br><br>The Honorable Andrew L. Carter<br><br>The Honorable Ona T. Wang<br><br><u>CLASS ACTION</u> |
| ANASTASIA DEULINA, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br> -v-<br><br>PELOTON INTERACTIVE, INC., JOHN FOLEY, WILLIAM LYNCH, and JILL WOODWORTH,<br><br>   Defendants. | 21-CV-10266 (ALC) (OTW)<br><br>The Honorable Andrew L. Carter<br><br>The Honorable Ona T. Wang<br><br><u>CLASS ACTION</u> |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF ROBECO CAPITAL GROWTH FUNDS SICAV – ROBECO GLOBAL CONSUMER TRENDS FOR CONSOLIDATION OF ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF ITS SELECTION OF COUNSEL, <u>AND NOTICE THAT THE MOTION IS UNOPPOSED</u>**

Robeco Capital Growth Funds SICAV – Robeco Global Consumer Trends ("Robeco") respectfully submits this memorandum of law in further support of its motion (ECF No. 14) (the "Motion"),[1] pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), for an order (i) consolidating the above-captioned class actions (the "Actions"); (ii) appointing Robeco as Lead Plaintiff in the resulting consolidated action; and (iii) approving Robeco's selection of Grant & Eisenhofer P.A. ("Grant & Eisenhofer") as Lead Counsel for the Class.

Robeco notes that its Motion is unopposed, as every other lead plaintiff movant has withdrawn its motion or stated that it does not oppose Robeco's motion. Thus, for this reason, and the reasons stated in Robeco's initial memorandum of law in support of its Motion (ECF No. 15) and below, the Motion should be granted.

## PRELIMINARY STATEMENT

On January 18, 2022, Robeco timely submitted a motion for consolidation, appointment as Lead Plaintiff, and approval of its selection of Lead Counsel. ECF No. 14. Six other investors or groups of investors also filed their own motions. *See* ECF No. 7 (Aaron Sellens); ECF No. 11 (Drew H. Brown, Sr.); ECF No. 17 (Le Tang); ECF No. 20 (Sjunde AP-Fonden and Indiana Public Retirement System); ECF No. 25 (Treasurer of the State of North Carolina on behalf of the North Carolina Retirement Systems) ("North Carolina"); ECF No. 29 (New Mexico State Investment Council).

Now, all six of these competing movants either have withdrawn their motions or state that they recognize that they do not have the largest financial interest in the relief sought by the Class

---

[1] References herein to "ECF No. __" refer to docket entries in *City Of Hialeah Employees Retirement System v. Peloton Interactive, Inc.*, No. 1:21-cv-09582 (S.D.N.Y.).

1

and no longer are pursuing their motion to be appointed lead plaintiff. ECF No. 33 (Notice of Withdrawal of Motion of Aaron Sellens); ECF No. 36 (Le Tang's Notice of Non-Opposition to Competing Motions); ECF No. 37 (Notice of Withdrawal of Motion of Sjunde AP-Fonden and Indiana Public Retirement System); ECF No. 38 (New Mexico State Investment Council's Notice of Non-Opposition); ECF No. 39 (Drew H. Brown, Sr.'s Notice of Non-Opposition to Competing Lead Plaintiff Motions); ECF No. 40 ("North Carolina recognizes one movant claims a larger loss than North Carolina").

As all of the competing movants recognize, Robeco has by far the largest financial interest in the relief sought by the Class, having suffered a ***loss of more than $93 million*** on its purchases of Peloton Interactive, Inc. stock during the Class Period (December 9, 2020 through November 4, 2021). Robeco's loss is more than ***seven times the loss*** of the movant with the next largest loss. *Compare* ECF Nos. 16-2 and 27-3. Moreover, Robeco is both a typical and adequate class representative, and has selected highly qualified counsel with significant experience litigating securities class actions such as this. Therefore, Robeco should be appointed Lead Plaintiff and the Court should approve its selection of Lead Counsel. 15 U.S.C. § 78u-4(a)(3)(B)(iii) (providing a rebuttable presumption that the timely movant with the "largest financial interest in the relief sought by the class" and which satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is the "most adequate plaintiff" to lead the class).

Finally, the above-captioned Actions are premised on substantially the same factual and legal issues, and thus should be consolidated. *See* FED. R. CIV. P. 42(a) (permitting consolidation of actions involving "common question[s] of law or fact"); *see also* 15 U.S.C. § 78u-4(a)(3)(B)(ii) (providing that a court should decide a motion to consolidate prior to appointing a lead plaintiff). Indeed, every other lead plaintiff movant also moved for consolidation. *See* ECF No. 7 at 3; ECF

No. 11 at 2; ECF No. 17 at 2; ECF No. 20 at 2; ECF No. 25 at 2; and ECF No. 29 at 2. Thus, consolidation of the Actions is appropriate.

## ARGUMENT

### I. ROBECO HAS THE LARGEST FINANCIAL INTEREST IN THE RELIEF SOUGHT BY THE CLASS

As the following table makes clear, of the seven movants for appointment as Lead Plaintiff, Robeco has by far the largest financial interest in the Action by every measure courts consider in making this determination. *See Snyder v. Baozun Inc.*, No. 1:19-CV-11290 (ALC), 2020 WL 5439763, at *3 (S.D.N.Y. Sept. 8, 2020) (listing four factors applied to analyze the financial interests of lead plaintiff movants in PSLRA class actions) (citation omitted).

| Movant[2] | Shares Purchased during Class Period | Net Shares Purchased during Class Period | Net Funds Expended during Class Period | Asserted Loss |
|---|---|---|---|---|
| Robeco | 1,250,000 | 1,175,000 | $142,289,126 | $93,498,090 |
| Treasurer of the State of North Carolina on behalf of the North Carolina Retirement Systems | 140,259 | 137,280 | $18,098,389 | $12,626,993 |
| Sjunde AP-Fonden and Indiana Public Retirement System | 117,935 | 96,579 | $12,824,090 | $8,367,162[3] |
| Aaron Sellens | 30,000 | 30,000 | $3,334,500 | $2,095,548 |
| New Mexico State Investment Council | 20,473 | 20,473 | $2,846,200 | $2,000,701 |
| Le Tang | 12,600 | 12,600 | $1,423,879 | $900,673 |
| Drew H. Brown, Sr. | 6,000 | 4,000 | $629,610 | $357,028 |

---

[2]   Every movant other than Robeco has withdrawn from consideration for appointment as Lead Plaintiff. *See* ECF No. 33; ECF No. 36; ECF No. 37; ECF No. 38; ECF No. 39; ECF No. 40.

[3]   Indiana Public Retirement System provided two loss numbers, one using a last-in, first-out ("LIFO") share matching methodology and one using a first-in, first-out ("FIFO") methodology. *See* ECF No. 23-2 at 4, 5. The chart above reflects the LIFO methodology.

3

The analysis is not a close call: with a loss of $93,498,090 on its relevant purchases, ECF No. 16-2, Robeco has more than seven times the loss of the movant with the next largest loss, *see* ECF No. 27-3.  Robeco also purchased far more shares and net shares, and expanded far more net funds, than any other movant.  Robeco thus has the largest financial interest in this litigation among the investors who filed motions for appointment as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (the movant with the "largest financial interest in the relief sought by the class" is the most important factor in assessing who is the "most adequate" lead plaintiff); *In re Facebook IPO Sec. and Deriv. Litig.,* 288 F.R.D. 26, 36 (S.D.N.Y. 2012) (the loss suffered is the "most significant" factor in assessing economic interest in the outcome of the litigation).

Because Robeco's financial interest in this litigation is far greater than the other lead plaintiff movants, and in light of the concession of all of the other movants, Robeco should be appointed Lead Plaintiff.

## II. ROBECO IS TYPICAL AND ADEQUATE

None of the other lead plaintiff movants dispute that Robeco satisfies the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure.  *Kux-Kardos v. VimpelCom, Ltd.*, 151 F. Supp. 3d 471, 477 (S.D.N.Y. 2016) (Carter, J.) ("When moving for appointment as lead plaintiff, 'the moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met.'") (quoting *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 112, 120 (S.D.N.Y. 2010)).

As explained in its opening memorandum of law, Robeco purchased Peloton common stock during the Class Period and was harmed when Defendants' fraud was revealed to the market. ECF No. 15 at 8.  Robeco's "claims 'arise from the same conduct from which the other class members' claims and injuries arise'" and is therefore a typical Class member.  *Cohen v. Luckin*

*Coffee Inc.*, No. 20-cv-01293-LJL, 2020 WL 3127808, at *2 (S.D.N.Y. June 12, 2020) (quoting *In re Crayfish Co. Sec. Litig.*, No. 100-cv-6766, 2002 WL 1268013, at *5 (S.D.N.Y. June 6, 2002)).

Moreover, Robeco "(1) [has] no conflict of interest with the other members of the class, (2) [has] sufficient interest in the outcome of the case, and (3) [has] selected counsel that is qualified, experienced, and generally able to conduct the litigation in question." *Id.* (quoting *Aude v. Kobe Steel, Ltd.*, No. 17-cv-10085 (VSB), 2018 WL 1634872, at *4 (S.D.N.Y. Apr. 4, 2018)). As such, Robeco is adequate and satisfies the applicable requirements of Rule 23 of the Federal Rules of Civil Procedure. *See Kux-Kardos*, 151 F. Supp. 3d at 477.

Robeco has the largest financial interest in this litigation and satisfies the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure. Robeco respectfully submits that it should therefore be appointed as Lead Plaintiff, and the Court should approve Robeco's selection of Lead Counsel.

## **CONCLUSION**

For the foregoing reasons, Robeco respectfully requests that this Court enter Robeco's proposed order (ECF No. 14-1) to (i) consolidate the above-captioned Actions; (ii) appoint Robeco as Lead Plaintiff; and (iii) approve Robeco's selection of Grant & Eisenhofer as Lead Counsel for the Class.

Dated: New York, New York
February 1, 2022

Respectfully submitted,

 */s/ Daniel L. Berger*
Jay W. Eisenhofer
Daniel L. Berger
GRANT & EISENHOFER P.A.
485 Lexington Avenue
New York, NY 10017
Tel.: (646) 722-8500
Fax: (646) 722-8501
Email: jeisenhofer@gelaw.com
Email: dberger@gelaw.com

*Counsel for Robeco Capital Growth Funds SICAV – Robeco Global Consumer Trends*

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2022, I caused the foregoing Memorandum of Law in Further Support of Motion of Robeco Capital Growth Funds SICAV – Robeco Global Consumer Trends for Consolidation of Actions, Appointment as Lead Plaintiff, and Approval of Its Selection of Counsel, and Notice That the Motion is Unopposed, to be served upon all counsel of record via the ECF/PACER system.

*/s/ Daniel L. Berger*
Daniel L. Berger