**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROBECO CAPITAL GROWTH FUNDS SICAV – ROBECO GLOBAL CONSUMER TRENDS and CITY OF HIALEAH EMPLOYEES' RETIREMENT SYSTEM, individually and on behalf of all other similarly situated,<br><br>              Plaintiff,<br><br>              -v-<br><br>PELOTON INTERACTIVE, INC., JOHN FOLEY, WILLIAM LYNCH, JILL WOODWORTH, THOMAS CORTESE, MARIANA GARAVAGLIA, and HISAO KUSHI,<br><br>              Defendants. | 21-CV-09582 (ALC) (OTW)<br><br>The Honorable Andrew L. Carter<br><br>The Honorable Ona T. Wang<br><br><u>CLASS ACTION</u> |

<u>**REQUEST FOR CONSIDERATION UNDER THE INCORPORATION-BY-REFERENCE DOCTRINE OR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAW**</u>

Pursuant to the incorporation-by-reference doctrine and Federal Rule of Evidence 201, Defendants Peloton Interactive, Inc. ("Peloton"), John Foley, William Lynch, Jill Woodworth, Thomas Cortese, Mariana Garavaglia, and Hisao Kushi (collectively with Peloton, "Defendants") respectfully request that the Court consider the following documents, which are attached to the Declaration of Whitney B. Weber.  Defendants submit these documents in support of their Motion to Dismiss the Second Amended Consolidated Class Action Complaint for Violations of Federal Securities Law and Memorandum of Law ("Motion" or "Mot."):

| | |
|---|---|
| **Exhibit 1** | Peloton's Form 10-Q for the period ended December 31, 2020, filed with the Securities and Exchange Commission ("SEC") on February 5, 2021 and publicly available at www.sec.gov/edgar. |
| **Exhibit 2** | Peloton's Form 10-K for the period ended June 30, 2021, filed with the SEC on August 27, 2021 and publicly available at www.sec.gov/edgar. |
| **Exhibit 3** | Peloton's Form 10-Q for the period ended March 31, 2021, filed with the SEC on May 7, 2021 and publicly available at www.sec.gov/edgar. |
| **Exhibit 4** | Peloton's Form 8-K, filed with the SEC on September 10, 2020, attaching Exhibit 99.1 entitled, "Letter to Shareholders," and publicly available at www.sec.gov/edgar. |
| **Exhibit 5** | Peloton's Form 8-K, filed with the SEC on November 5, 2020, attaching Exhibit 99.1 entitled, "Letter to Shareholders," and publicly available at www.sec.gov/edgar. |
| **Exhibit 6** | Peloton's Form 8-K, filed with the SEC on February 4, 2021, attaching Exhibit 99.1 entitled, "Letter to Shareholders," and publicly available at www.sec.gov/edgar. |
| **Exhibit 7** | Transcript of Peloton's earnings call for the second quarter of fiscal 2021 held on February 4, 2021, which is publicly available at https://seekingalpha.com. |

1

| | |
|---|---|
| **Exhibit 8** | Transcript of Peloton's earnings call for the third quarter of fiscal 2021 held on May 6, 2021, which is publicly available at https://seekingalpha.com. |
| **Exhibit 9** | Transcript of Peloton's earnings call for the fourth quarter of fiscal 2021 held on August 26, 2021, which is publicly available at https://seekingalpha.com. |
| **Exhibit 10** | Peloton's Form 8-K, filed with the SEC on August 26, 2021, attaching Exhibit 99.1 entitled, "Letter to Shareholders," and publicly available at www.sec.gov/edgar. |
| **Exhibit 11** | Transcript of Peloton's earnings call for the first quarter of fiscal 2022 held on November 4, 2021, which is publicly available at https://seekingalpha.com. |
| **Exhibit 12** | Peloton's Press Release issued on January 20, 2022, which is publicly available at http://investor.onepeloton.com. |
| **Exhibit 13** | Transcript of Peloton's earnings call for the second quarter of fiscal 2022 held on February 8, 2022, which is publicly available at https://spglobal.com/marketintelligence. |
| **Exhibit 14** | Transcript of Peloton's presentation at the J.P. Morgan Global Technology, Media and Communications Conference held on May 25, 2021, which is publicly available at https://workspace.refinitiv.com. |
| **Exhibit 15** | Peloton's Form 8-K regarding John Foley's entry into a Rule 10b5-1 plan, filed with the SEC on September 16, 2020, and John Foley's Forms 4, filed with the SEC on February 18, 2021, March 3, 2021, March 17, 2021, April 19, 2021, May 19, 2021, June 17, 2021, July 19, 2021, August 18, 2021 and September 3, 2021, and publicly available at www.sec.gov/edgar. |
| **Exhibit 16** | William Lynch's Forms 4, filed with the SEC on February 10, 2021, February 18, 2021, March 3, 2021, April 16, 2021, May 24, 2021, June 16, 2021, July 16, 2021, August 18, 2021, September 3, 2021, September 16, 2021 and publicly available at www.sec.gov/edgar. |

| | |
|---|---|
| **Exhibit 17** | Jill Woodworth's Forms 4, filed with the SEC on February 18, 2021, March 3, 2021, May 19, 2021, September 3, 2021, and September 16, 2021 and publicly available at www.sec.gov/edgar. |
| **Exhibit 18** | Thomas Cortese's Forms 4, filed with the SEC on February 17, 2021, February 26, 2021, March 3, 2021, March 15, 2021, April 14, 2021, May 24, 2021, June 23, 2021, June 28, 2021, June 30, 2021, July 14, 2021, August 16, 2021, September 3, 2021, and September 15, 2021 and publicly available at www.sec.gov/edgar. |
| **Exhibit 19** | Mariana Garavaglia's Forms 4, filed with the SEC on February 5, 2021, February 16, 2021, March 3, 2021, March 24, 2021, April 2, 2021, April 7, 2021, May 18, 2021, May 28, 2021, June 2, 2021, June 8, 2021, June 30, 2021, July 8, 2021, July 30, 2021, August 5, 2021, August 17, 2021, August 19, 2021, September 1, 2021, September 3, 2021, September 8, 2021, September 29, 2021, October 5, 2021, October 29, 2021, and November 5, 2021 and publicly available at www.sec.gov/edgar. |
| **Exhibit 20** | Hisao Kushi's Forms 4, filed with the SEC on February 10, 2021, March 3, 2021, March 15, 2021, April 14, 2021, May 13, 2021, June 16, 2021, July 14, 2021, August 16, 2021, September 3, 2021, September 15, 2021, and October 21, 2021 and publicly available at www.sec.gov/edgar. |
| **Exhibit 21** | Chart showing historical trading volume of Peloton's stock during the period June 14, 2021 to June 25, 2021, downloaded from and publicly available at https://finance.yahoo.com. |

## **ARGUMENT**

In ruling on a motion to dismiss a complaint brought under the federal securities laws, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Frascatore v. Blake*, 344 F. Supp. 3d 481, 489 (S.D.N.Y. 2018) (considering "documents that [were] either incorporated by

3

reference in the complaint or integral to the claims asserted therein" (citing *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016))).  Documents that are integral to a complaint may be considered regardless of whether they are physically attached to it.  *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47-48 (2d Cir. 1991); *see also In re Nokia Oyj (Nokia Corp.) Sec. Litig.*, 423 F. Supp. 2d 364, 370 (S.D.N.Y. 2006) (considering full "context" of challenged statements as being "clearly incorporated by reference" into complaint, even where plaintiff "relied on selective quotations").

In addition, "Federal Rule of Evidence 201 authorizes a court to 'judicially notice a fact that is not subject to reasonable dispute . . . at any stage in the proceeding,' including on a motion to dismiss." *Demopoulos v. Anchor Tank Lines, LLC*, 117 F. Supp. 3d 499, 507 (S.D.N.Y. 2015) (citation omitted); *see also Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 426 (2d Cir. 2008) (concluding "matters judicially noticed by the District Court are not considered matters outside the pleadings" and do not convert a motion to dismiss into one for summary judgment).  A fact is judicially noticeable if it is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  Courts within Second Circuit routinely take judicial notice "of the contents of relevant public disclosure documents required to be filed with the SEC as facts 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) (quoting Fed. R. Evid. 201(b)(2)).  Similarly, "[w]hen a securities fraud complaint alleges that material misstatements or omissions were made in public documents required to be filed with the SEC, a court may take judicial notice of such documents, as well as '*related documents that bear on the adequacy of the disclosure*.'"

4

*Sarafianos v. Shandong Tada Auto-Parking Co.*, 2014 WL 7238339, at \*2 (S.D.N.Y. Dec. 19, 2014) (emphasis added) (quoting *Kramer*, 937 F.2d at 774); *see also Gamm v. Sanderson Farms, Inc.*, 944 F.3d 455, 462 (2d Cir. 2019) (court may consider "public disclosure documents filed with the SEC").

As explained below, each of the Exhibits is incorporated by reference in the Second Amended Consolidated Class Action Complaint ("SAC"), subject to judicial notice, or both. The Court should thus consider all of the Exhibits in adjudicating Defendants' Motion.

### A.    All of the Exhibits Are Incorporated by Reference in the SAC[1]

The Court already found **Exhibits 1-11, 14-21** to be "incorporated by reference into the Amended Complaint." Dkt. 88 at 2 n.1 ("Order"). These Exhibits, as well as **Exhibits 12-13**, are also incorporated by reference in the SAC because the SAC refers extensively to the Exhibits and/or the Exhibits are integral to Plaintiffs' claims.

Plaintiffs assert that Defendants made false or misleading statements in Peloton's FY21 Form 10-K (**Exhibit 2**), its 3Q21 Form 10-Q (**Exhibit 3**), and during quarterly earnings conference calls and investor presentations throughout the Class Period (**Exhibits 7-9, 11, 14**). *See* SAC ¶¶ 154-156, 168, 177, 185-187, 205, 214. Because these materials contain the statements that Plaintiffs allege violated the federal securities laws, the documents are "integral to [Plaintiff's] claims" and are incorporated by reference into the SAC. *See In re Fed Ex Corp. Sec. Litig.*, 517 F. Supp. 3d 216, 221 (S.D.N.Y. 2021) ("The Court also considers facts drawn from the news releases, financial reports, and transcripts of earnings calls that contain the statements that Plaintiff alleges were false or misleading, and which are incorporated into the Complaint by reference.");

---

[1] Terms not otherwise defined in this Request have the same meaning and definition as in the accompanying Motion.

*Ong v. Chipotle Mexican Grill, Inc.*, 294 F. Supp. 3d 199, 235 (S.D.N.Y. 2018) (incorporating Forms 10-Q and considering them to assess the falsity of challenged disclosures).

In addition, disclosures post-dating the Class Period, including Peloton's press release disclosing 2Q22 preliminary results (**Exhibit 12**) and a transcript of Peloton's 2Q22 quarterly earnings conference call (**Exhibit 13**), are also incorporated by reference. Plaintiffs expressly refer to and quote extensively from these Exhibits to argue that Defendants' "post-Class Period admissions" support Plaintiffs' falsity and scienter allegations. *See* SAC ¶¶ 232-233, 235-239. Because Plaintiffs rely on these exhibits to support their claims, they are incorporated by reference in the SAC. *See Denny v. Canaan Inc.,* 2023 WL 2647855, at *5, n.4 (S.D.N.Y. Mar. 27, 2023) (post-class period earnings call transcript and press release incorporated by reference); *see also Long Miao v. Fanhua, Inc.*, 442 F. Supp. 3d 774, 782 (S.D.N.Y. 2020) (report published after class period incorporated by reference).

Peloton's 2Q21 Form 10-Q and shareholder letters (**Exhibits 1**, **4-6**, and **10)** are also incorporated by reference into the SAC. Plaintiffs challenge several forward-looking statements made during earnings calls and investor presentations. *See* SAC ¶¶ 154-156, 168, 177, 185-187, 205, 214; *see also* Mot. at 4-6, 13-15. During those calls and presentations, Defendants told investors that "[a]ctual results may differ materially from those contained in or implied by" their forward-looking statements, *see, e.g.*, Exhibit 7 at 4, and directed investors to review all of Peloton's Forms 10-Q and 10-K (*e.g.*, **Exhibits 1-3**) and shareholder letters (*e.g.*, **Exhibits 4-6, 10**) for a discussion of the material risks that could cause Peloton's results to differ from their forward-looking statements. Those exhibits are thus also incorporated by reference. *See Microbot Med., Inc v. Mona*, 2020 WL 8671943, at *14-16 (S.D.N.Y. Dec. 17, 2020) (when assessing challenges to forward-looking statements made in SEC filings and during earnings calls,

considering Forms 10-Q and SEC filings that a "representative of a company . . . referr[ed] listeners to . . . at the beginning of an investor call" because they "set[] forth the appropriate cautionary language"). Indeed, in assessing whether forward-looking statements are actionable, courts "must . . . read the allegedly fraudulent materials—including the cautionary language[.]" *Oklahoma Firefighters Pension & Ret. Sys. v. Xerox Corp.*, 300 F. Supp. 3d 551, 567 (S.D.N.Y. 2018), *aff'd sub nom. Arkansas Pub. Emps. Ret. Sys. v. Xerox Corp.*, 771 F. App'x 51 (2d Cir. 2019) (internal citations omitted).

Finally, Defendants' Class Period Forms 4 detailing their Class Period stock sales (**Exhibits 15-20**) and the chart detailing historical trading activity of Peloton stock (**Exhibit 21**) are incorporated by reference. Plaintiffs expressly refer to and quote extensively from the Forms 4 in support of their scienter allegations and insider-trading claims. *See* SAC ¶¶ 163-164, 175-176, 184, 196, 198, 200, 212, 244, 249, 252-257, 259-262, 285-287, 293-294, 296-301, 303-312, 314; *see also* Appendix A-G. Plaintiffs also claim that they traded contemporaneously with Defendants (*see id.* ¶¶ 249, 251-264), which courts assess by examining the volume of trading that occurred between the trades in question. *See, e.g., In re IAC/InterActiveCorp Sec. Litig.*, 695 F. Supp. 2d 109, 123 (S.D.N.Y. 2010) (considering the entirety of a press release referenced in a securities fraud complaint); *Kreindler v. Sambo's Restaurants, Inc.*, 1981 WL 1684, at *5 (S.D.N.Y. Sept. 23, 1981) (considering volume of stock traded in interim period when assessing contemporaneity). Because Plaintiffs rely on these exhibits to support their Section 10(b) and 20A claims, they are incorporated by reference in the SAC. *See Rice as Tr. of Richard E. & Melinda Rice Revocable Fam. Tr. 5/9/90 v. Intercept Pharms., Inc.,* 2022 WL 837114, at *20 (S.D.N.Y. Mar. 21, 2022) (considering Forms 4 under incorporation-by-reference doctrine in deciding motion to dismiss); *Abely v. Aeterna Zentaris Inc.*, 2013 WL 2399869, at *22 (S.D.N.Y. May 29, 2013)

7

(incorporating Forms 4 because "courts in this District routinely take judicial notice of Form 4 filings at the motion to dismiss stage, and consider them for the truth of their contents"); *In re PetroChina Co. Ltd. Sec. Litig.*, 120 F. Supp. 3d 340, 354 (S.D.N.Y. 2015), *aff'd sub nom. Klein v. PetroChina Co.*, 644 Fed. App'x 13 (2d Cir. 2016) (incorporating a "printout of Yahoo! Finance's documentation" of historical trading of company's stock).

### B.    All of the Exhibits Are Properly Subject to Judicial Notice

Even if the Exhibits were not incorporated by reference, judicial notice of these materials is proper under Federal Rule of Evidence 201(b)(2).

Peloton's SEC filings (**Exhibits 1-6, 10, 15-20**) are judicially noticeable. Courts regularly take judicial notice of SEC filings in connection with motions to dismiss in securities class actions. *See Rice,* 2022 WL 837114, at *5 (on motion to dismiss, court may consider public disclosure documents filed with the SEC). Because these materials are required by law to be filed with the SEC, and each is capable of accurate and ready determination via the SEC's public website at www.sec.gov/edgar, "no serious question as to their authenticity can exist." *Kramer*, 937 F.2d at 774. The Court may therefore properly consider these Exhibits in deciding the Motion. *See, e.g.*, *Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp. 3d 156, 166 (S.D.N.Y. 2015) ("Pursuant to Rule 201, courts have considered . . . documents publicly filed with the SEC or FINRA, documents filed with a Secretary of State, documents filed with governmental entities and available on their official websites, and information publicly announced on certain non-governmental websites, such as a party's official website."); *Gagnon v. Alkermes PLC*, 368 F. Supp. 3d 750, 763 (S.D.N.Y. 2019) (taking judicial notice of Form 8-Ks and 10-Qs because they are "required SEC filings"); *Constr. Laborers Pension Tr. for S. California v. CBS Corp.*, 433 F. Supp. 3d 515, 544 (S.D.N.Y. 2020) (taking judicial notice of Forms 4 to determine that defendants' stock sales were pursuant to 10b5-1 trading plans).

Peloton's earnings call and investor presentation transcripts (**Exhibits 7-9, 11, 13-14**), press release (**Exhibit 12**), and historical stock-trading chart (**Exhibit 21**) are also judicially noticeable. These Exhibits (i) are publicly available at websites like http://investor.onepeloton.com, https://seekingalpha.com, https://workspace.refinitiv.com, https:spglobal.com/marketintelligence, and https://finance.yahoo.com (as is clear from Plaintiffs' repeated citation to and quotation of them), (ii) are not subject to reasonable dispute, and (iii) can be accurately determined from sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b). Courts routinely take judicial notice of these types of exhibits in considering a motion to dismiss. *See, e.g.*, *Dekalb Cnty. Employees' Ret. Sys. v. Controladora Vuela Compania De Aviacion, S.A.B. de C.V.*, 2016 WL 3685089, at \*1 (S.D.N.Y. July 6, 2016) (taking judicial notice of earnings call transcripts); *Frankfurt-Tr. Inv. Luxemburg AG v. United Techs. Corp.*, 336 F. Supp. 3d 196, 205 (S.D.N.Y. 2018), *aff'd sub nom. Kapitalforeningen Lægernes Inv. v. United Techs. Corp.*, 779 F. App'x 69 (2d Cir. 2019) (same); *In re Pfizer, Inc. Sec. Litig.*, 538 F. Supp. 2d 621, 627 (S.D.N.Y. 2008) (taking judicial notice of analyst call transcripts); *IAC/InterActiveCorp*, 695 F. Supp. 2d at 123 (taking judicial notice of company's press release disclosing financial results because it is "a matter of public record"); *In re Stemline Therapeutics, Inc. Sec. Litig.*, 313 F. Supp. 3d 543, 547 n.3 (S.D.N.Y. 2018) (taking "judicial notice of the Stock Price Chart") (citing *Ganino v. Citizens Utilities Co.*, 228 F.3d 154, 167 n. 8 (2d Cir. 2000)).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider **Exhibits 1 through 21** in adjudicating the Motion because they are incorporated by reference and/or are integral to the SAC, subject to judicial notice, or both.

9

Dated:  June 16, 2023
        New York, New York

By: /s/ Andrew B. Clubok

Andrew B. Clubok
Susan E. Engel
LATHAM & WATKINS, LLP
1271 Avenue of the Americas
New York, New York 10020
andrew.clubok@lw.com
susan.engel@lw.com
Telephone: (212) 906-1200

Michele D. Johnson (*pro hac vice*)
LATHAM & WATKINS LLP
650 Town Center Drive
20th Floor
Costa Mesa, CA 92626
michele.johnson@lw.com
Telephone: (714) 540-1235

Nicholas J. Siciliano (*pro hac vice*)
LATHAM & WATKINS, LLP
330 North Wabash Ave., Suite 2800
Chicago, Illinois 60618
nicholas.siciliano@lw.com
Telephone: (312) 876-7700

Whitney B. Weber (*pro hac vice*)
LATHAM & WATKINS, LLP
505 Montgomery Street, Suite 2000
San Francisco, California  94111
whitney.weber@lw.com
Telephone: (415) 391-0600

*Attorneys for Defendants Peloton Interactive, Inc., John Foley, William Lynch, Jill Woodworth, Thomas Cortese, Mariana Garavaglia, and Hisao Kushi*