**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROBECO CAPITAL GROWTH FUNDS SICAV – ROBECO GLOBAL CONSUMER TRENDS and CITY OF HIALEAH EMPLOYEES' RETIREMENT SYSTEM, individually and on behalf of all others similarly situated, <br><br>                     Plaintiffs, <br><br>          -v- <br><br> PELOTON INTERACTIVE, INC., JOHN FOLEY, WILLIAM LYNCH, JILL WOODWORTH, THOMAS CORTESE, MARIANA GARAVAGLIA, and HISAO KUSHI, <br><br>                    Defendants. | 1:21-CV-09582 (ALC) (OTW) <br><br> <u>CLASS ACTION</u> |

**DEFENDANTS' RESPONSE TO**
**<u>PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY</u>**

The Court should strike Plaintiffs' Notice of Supplemental Authority because it includes substantive argument in violation of the Court's order prohibiting sur-reply arguments "without prior permission of the Court." *See* Honorable Andrew J. Carter, Jr. Individual Practices ¶ 2.B; *see also Fullwood v. Wolfgang's Steakhouse*, Inc., No. 13-cv-7174, ECF No. 88 (S.D.N.Y. Aug. 17, 2017) (striking arguments in notice of supplemental authority).  Nor does the Notice  raise any new, binding authority that is relevant to this matter.  The facts at issue in Plaintiffs' cited authority, *San Antonio Fire & Police Pension Fund v. Dentsply Sirona Inc.*, 2024 WL 1898512 (S.D.N.Y. May 1, 2024), are completely different than the facts at issue here.  Indeed, although the Notice should be stricken, Plaintiffs' authority supports dismissal of the Second Amended Complaint ("SAC").

In *Dentsply*, the defendants "papered over" declining demand for their products with a "channel stuffing" scheme "orchestrated" by the company's officers.  *Id*., at *1-3.  There was no question the scheme occurred:  the company announced that it conducted an internal investigation that found that improper sales practices *had* occurred, and that those practices allowed the company to "meet external financial analyst expectations" and resulted in disclosure omissions. *Id*. at *3.  For this reason, the company  restated its class-period financials by up to *24%*, and received a "cease-and-desist order from the SEC."  2024 WL 1898512 at *1, 13.  Nothing like this happened here—there was no scheme, no restatement, and no SEC settlement.

Despite the admitted scheme, the *Dentsply* court still dismissed many statements on **falsity** grounds.  2024 WL 1898512 at *5.  First, that court dismissed statements that were "consistent" with plaintiffs' allegations.  *Id*. at *6.  As this Court has already recognized, the challenged statements in this matter are "entirely *consistent* with Peloton's financial results" because Peloton "exceeded its sales guidance throughout the class period," achieving year-over-year revenue

*growth*. *See* ECF No. 88 ("Order") at 23 (emphasis added); Mot. at 8-13. Second, the *Dentsply* court dismissed several statements as nonactionable puffery that are nearly identical to the statements challenged here. *Compare* 2024 WL 1898512 at *5 ("we're pretty optimistic that our growth prospects are good"; team had done a "great job of managing" risks) *with* SAC ¶¶ 186, 187, 205 ("staging for what will be our biggest holiday ever"; "we feel like the demand for Bike+ and Bike is robust"; "logistics teams are well equipped"); Mot. at 15-16. Finally, the *Dentsply* court noted other statements may be protected as forward-looking but said the *Dentsply* defendants "did not make that argument." 2024 WL 1898512 at *4. Here, Defendants *do* argue that nearly all of Plaintiffs' challenged statements are protected by the PSLRA's safe harbor—and indeed, this Court already found several statements are protected. *See* Order at 19-20; *see also* Mot. at 13-15 (identifying protected forward-looking statements).

Moreover, the *Dentsply* opinion highlights that Plaintiffs have not come close to pleading a "strong inference" of **scienter**. In *Dentsply*, defendants received $7.4 million in performance-based bonuses only as a result of their channel-stuffing scheme, which were subsequently clawed back by the company—showing a "direct link" between the fraud and defendants' motives. 2024 WL 1898512 at *7, 11 (executives were "fired" and terminated for cause). Plaintiffs do not point to any motive here. Instead, they cite Defendants' stock sales, but they concede those sales occurred under Rule 10b5-1 trading plans entered into *before* the Class Period, which does not support scienter. *See* Mot. at 18. Plus, the *Dentsply* plaintiffs pointed to specific facts showing defendants' actual knowledge of falsity (for example, defendants knew about defective products because they had to *personally* approve product returns). 2024 WL 1898512 at *7-9. In contrast, Plaintiffs here only allege vaguely that Defendants attended meetings or had general "access" to information—with zero allegations that Defendants became aware of information contradicting

2

their statements at those meetings.  *See* Mot. at 21-23.

Plaintiffs' supplemental authority should be stricken, but regardless reinforces why their SAC should be dismissed.

Dated:  May 7, 2024
         New York, New York

By: */s/ Andrew B. Clubok*
Andrew B. Clubok
Susan E. Engel
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
andrew.clubok@lw.com
susan.engel@lw.com
Telephone: (212) 906-1200

Michele D. Johnson (*pro hac vice*)
LATHAM & WATKINS LLP
650 Town Center Drive
20th Floor
Costa Mesa, CA 92626
michele.johnson@lw.com
Telephone: (714) 540-1235

Nicholas J. Siciliano (*pro hac vice*)
LATHAM & WATKINS LLP
330 North Wabash Ave., Suite 2800
Chicago, IL 60611
nicholas.siciliano@lw.com
Telephone: (312) 876-7700

Whitney B. Weber (*pro hac vice*)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
whitney.weber@lw.com
Telephone: (415) 391-0600

*Attorneys for Defendants Peloton Interactive, Inc., John Foley, William Lynch, Jill Woodworth, Thomas Cortese, Mariana Garavaglia, and Hisao Kushi*

3