**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROBECO CAPITAL GROWTH FUNDS SICAV – ROBECO GLOBAL CONSUMER TRENDS and CITY OF HIALEAH EMPLOYEES' RETIREMENT SYSTEM, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    -v-<br><br>PELOTON INTERACTIVE, INC., JOHN FOLEY, WILLIAM LYNCH, JILL WOODWORTH, THOMAS CORTESE, MARIANA GARAVAGLIA, and HISAO KUSHI,<br><br>    Defendants. | 1:21-CV-09582 (ALC) (OTW)<br><br><br>CLASS ACTION |

**DEFENDANTS' RESPONSE TO**
**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

This is the second time in four months that Plaintiffs have violated the Court's rule prohibiting sur-reply arguments "without prior permission of the Court." *See* Honorable Andrew J. Carter, Jr. Individual Practices ¶ 2.B; *see also Fullwood v. Wolfgang's Steakhouse, Inc.*, No. 13-cv-7174, ECF No. 88 (S.D.N.Y. Aug. 17, 2017) (striking arguments in notice of supplemental authority). Yesterday, Plaintiffs asked the Court to consider another inapposite decision, *Leadersel Innotech ESG v. Teladoc Health, Inc., et al.*, No. 23-1112, 2024 WL 4274362 (2d Cir. Sept. 24, 2024) (Summary Order). In both situations, Plaintiffs not only violated this Court's order, but submitted authorities that support dismissal of the Second Amended Complaint ("SAC").

*First*, in *Teladoc*, the Second Circuit affirmed dismissal on puffery grounds of challenges to several statements that mirror those that Plaintiffs challenge here. *Compare, e.g.*, *Teladoc*, 2024 WL 4274362, at *3 (integration is "going really great," "continues to progress," "well on [the] way," and "on track") *with* SAC ¶¶ 177, 185-186, App. A at 10-11, 13 (Peloton expects "continued strong demand"; "Bike+ exceeding our expectations"; "we're in a really good position" and are "staging for what will be our biggest holiday ever"); *see also* Mot. at 15-16.

*Second*, to the extent the Second Circuit found certain statements to be actionable, they are nothing like the statements at issue here because the *Teladoc* plaintiffs alleged specific, contemporaneous facts that directly contradicted the statements. Following an $18.5 billion merger between two large telehealth companies, the *Teladoc* defendants told investors that the companies had "fully integrated" their "commercial organization" and "sales team[s]." *Teladoc*, 2024 WL 4274362, at *1, 4-5. But "emails and other documentation," as well as "specific examples" from "multiple" former employees "responsible for integrating the two companies' sales forces," showed (at the pleading stage) that the companies were not "fully integrated" "at the time" the defendants made those statements as there were "no synergies and very little overlap

between the sales teams" who were "still focus[ed] exclusively on selling [their own company's] products." *Id*. at \*4.  Plaintiffs here, by contrast, allege no specific facts contradicting any of Defendants' statements.  Indeed, unlike in *Teladoc*, in which the former employees were responsible for overseeing the very conduct the defendants allegedly misrepresented (*i.e.*, integration), none of the confidential witnesses here had any involvement in or responsibility for assessing Peloton's overall demand or the preparation of Peloton's guidance—which reflected Peloton's demand expectations, and which Peloton met every quarter, with year-over-year growth. *See* Mot. at 8-13 (discrediting reports from CWs limited to sales or operations in only one of Peloton's many sales channels or geographic regions).  And as this Court noted in dismissing Plaintiffs' Amended Complaint, the "challenged statements were entirely consistent with Peloton's actual financial results."  ECF No. 88 at 23; *see also* Mot. 7-13 (nearly all of the statements challenged in the SAC have already been dismissed).[1]

*Finally*, the Second Circuit noted that the failure to plead scienter provides an "alternative" basis for dismissal.  *Teladoc*, 2024 WL 4274362, at \*5.  Although the *Teladoc* court did not consider the adequacy of the scienter allegations in its opinion, here, Plaintiffs have failed to allege a strong inference of scienter—which independently warrants dismissal.  Mot. at 17-23.

Plaintiffs' Notice of Supplemental Authority should be stricken, but in any event, their authority reinforces why their SAC should be dismissed.

---

[1] Although Plaintiffs claim that *Teladoc* "demonstrate[s] the falsity of Defendants' statements" made "during the February 2021 earnings call" (ECF No. 106 at 1), they ignore that the Court already dismissed these (and other) statements for "fail[ing] to adequately plead falsity."  ECF No. 88 at 22-24.  For the reasons above and in Defendants' motion to dismiss, *Teladoc* does not warrant a different outcome.

Dated:  September 27, 2024
        New York, New York

By: */s/ Andrew B. Clubok*
Andrew B. Clubok
Susan E. Engel
LATHAM & WATKINS, LLP
1271 Avenue of the Americas
New York, New York 10020
andrew.clubok@lw.com
susan.engel@lw.com
Telephone: (212) 906-1200

Michele D. Johnson (*pro hac vice*)
LATHAM & WATKINS LLP
650 Town Center Drive
20th Floor
Costa Mesa, CA 92626
michele.johnson@lw.com
Telephone: (714) 540-1235

Nicholas J. Siciliano (*pro hac vice*)
LATHAM & WATKINS, LLP
330 North Wabash Ave., Suite 2800
Chicago, Illinois 60618
nicholas.siciliano@lw.com
Telephone: (312) 876-7700

Whitney B. Weber (*pro hac vice*)
Jordan Mundell (*pro hac vice*)
LATHAM & WATKINS, LLP
505 Montgomery Street, Suite 2000
San Francisco, California  94111
whitney.weber@lw.com
jordan.mundell@lw.com
Telephone: (415) 391-0600

*Attorneys for Defendants Peloton Interactive, Inc., John Foley, William Lynch, Jill Woodworth, Thomas Cortese, Mariana Garavaglia, and Hisao Kushi*

3